


**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **DEKORRIE K. BELL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | Civil Action Number |
| | ) | **2:21-cv-00075-AKK** |
| **BIRMINGHAM BOARD OF EDUCATION, ET AL.,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | | |

## MEMORANDUM OPINION

DeKorrie K. Bell, proceeding *pro se*, commenced this action against the Birmingham Board of Education and George Washington Carver High School. Doc. 1. Before the court is Bell's motion to proceed *in forma pauperis*. Doc. 2. Having reviewed the motion, the court finds that Bell is indigent. Her motion is thus due to be granted under 28 U.S.C. § 1915(a)(1) to the extent that she seeks to commence this action without prepayment of fees. However, district courts must dismiss the complaint of any plaintiff proceeding *in forma pauperis* if the complaint "is frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i)–(ii). Moreover, federal courts are courts of limited jurisdiction with an independent duty to review their authority to hear a case before proceeding to the merits. *Mirage Resorts, Inc. v. Quiet Nacelle Corp.*, 206 F.3d 1398, 1400–01 (11th Cir. 2000). As explained below, Bell's complaint is due to be

dismissed because the grievances she identifies do not state a claim or invoke this court's subject matter jurisdiction.

**I.**

**A.**

The standard governing dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) applies equally to § 1915(e)(2)(B)(ii). *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). Under Rule 12(b)(6), a complaint should be dismissed if it lacks "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). The court must accept "the allegations in the complaint as true and construe them in the light most favorable to the plaintiff." *Hunt v. Aimco Props., L.P.*, 814 F.3d 1213, 1221 (11th Cir. 2016). But "a legal conclusion couched as a factual allegation" need not be accepted as true. *Wood v. Moss*, 572 U.S. 744, 755 n.5 (2014) (quoting *Iqbal*, 556 U.S. at 678). This inquiry is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). But "this leniency does not give a court license to serve as *de facto* counsel for a party or to rewrite an otherwise

deficient pleading in order to sustain an action." *GJR Investments, Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted). In other words, the court cannot disregard the federal pleading standards simply because Bell cannot afford counsel. *See Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990).

**B.**

Even under a liberal construction of her complaint, Bell has not stated a plausible claim for relief. When asked to provide "a short and plain statement of [her] claim," Bell wrote only that this action "is not based off of a 20yr old complaint" but instead concerns her "numerous" efforts over the last three years to "resolve" this matter. Doc. 1 at 5. In an exhibit attached to her complaint, Bell adds that she seeks "a fair trial" despite her previous "failed attempts." Doc. 1-1 at 1. Bell apparently references several actions that she previously filed in this court against the same defendants, all of which were dismissed.[1] In those cases, Bell alleged, among other things, that schools nationwide provide unwelcoming conditions for LGBT youth and that certain discriminatory practices adopted by the defendants limited her employment and educational opportunities. *See, e.g.*, doc. 7 at 9 in case no. 2:20-cv-1200-ACA. The claims raised there, particularly in case no.

---

[1] *See Bell v. Birmingham Bd. of Ed.*, No. 2:20-cv-1200-ACA; *Bell v. Birmingham Bd. of Ed.*, No. 2:20-cv-1620-CLM; *Bell v. Birmingham Bd. of Ed.*, No. 2:20-cv-1648-AMM. In addition to these cases, Bell has also commenced actions against CAP Downtown Birmingham and its employees for alleged negligence and obstruction of justice. *See Bell v. Motley*, 2:20-cv-1194-CLM; *Bell v. CAPS Downtown Birmingham*, No. 2:20-cv-1443-AKK. Those cases were also dismissed.

2:20-cv-1648-AMM, mirror the claims Bell asserts here. Indeed, Bell attached the same exhibit outlining her claims to the complaint in that case and in the present action. *Compare* doc. 1-1 at 3 *with* doc. 5 at 9 in case no. 2:20-cv-1648-AMM. As Judge Manasco explained, Bell's statements about the conditions facing LGBT students nationwide do not support a sex discrimination claim because Bell does not allege that she suffered from such discrimination. Doc. 10 at 7–8 in case no. 2:20-cv-1648-AMM. And in any event, such a claim would be barred by the two-year statute of limitations applicable to such actions. *Id.* at 8.

Bell also alleges violations of rights protected by the Constitution and by federal statutes, though she does not specify which rights the defendants violated. Docs. 1 at 3; 1-1 at 3. To the extent that Bell asserts a claim under 42 U.S.C. § 1983 for a deprivation of federally protected rights, that claim fails because Bell's conclusory allegations of rights violations do not state a plausible claim for relief. *See Iqbal*, 556 U.S. at 678. And, to the extent that Bell alleges that the defendants negligently violated her constitutional rights, this court has twice explained to Bell that "liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process." Doc. 10 at 9 in case no. 2:20-cv-1648-AMM (quoting *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998)); doc. 4 at 6–7 in case no. 2:20-cv-1443-AKK (same).

Additionally, Bell asserts that this case implicates an alleged conspiracy. *See* doc. 1 at 3. Based on an exhibit she attached to her complaint, Bell apparently believes that public officials have retaliated against her for seeking judicial relief. *See* doc. 1-2 at 1. Specifically, she says that officials "drum[med] up" a "false and fraudulent summons" against her due to her "last pending case" and her efforts to "help out the courts." *Id.* Bell also included an order, dated January 13, 2021, from the Shelby County District Attorney's Worthless Check Unit directing her to pay restitution for writing a worthless check in October 2020. *Id.* at 2. It is unclear why Bell believes the order is connected to her civil actions in this court, as the Shelby County District Attorney does not work with the Northern District of Alabama. In any event, although an alleged conspiracy may implicate federal criminal laws, no private right of action exists to enforce those laws, which precludes Bell from seeking redress for these alleged violations in federal court. Thus, Bell fails to state a plausible federal claim upon which relief may be granted.

**II.**

Bell at most asserts negligence or obstruction claims arising under state tort law—claims that this court lacks jurisdiction to hear. Again, "federal courts are courts of limited jurisdiction," *U.S. v. Rivera*, 613 F.3d 1046, 1049 (11th Cir. 2010), and the Eleventh Circuit has "encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial,"

*Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1088 (11th Cir. 2004) (citation omitted). Although Bell alleges that the court has federal question jurisdiction, she does not cite any statutes authorizing said jurisdiction, instead noting that jurisdiction is based on a "conspiracy." Doc. 1 at 3. The court has already explained that Bell cannot adequately plead a conspiracy claim. Thus, in light of Bell's failure to plead a plausible federal claim, the court declines to exercise supplemental jurisdiction over her state law claims, *see* 28 U.S.C. § 1367(c), and this action is due to be dismissed.

**III.**

A court may properly dismiss a *pro se* plaintiff's complaint if "a more carefully drafted complaint could not state a claim." *Woldeab v. Dekalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018) (quotation omitted). Here, the deficiencies described above establish that Bell could not state a plausible claim for federal relief even after amendment. Accordingly, this is not a case where the court is required to give Bell an opportunity to amend because "[m]ore specific allegations . . . would [remedy] the pleading problems" contained in her complaint. *Id.* at 1292. Instead, amendment here would be futile, as demonstrated by the repeated dismissal of her previous actions against these defendants for failure to state a claim and for lack of jurisdiction.[2] For that reason, the court will dismiss Bell's complaint, without

[2] *See supra* note 1.

prejudice, without giving her a chance to amend. A separate order will be issued contemporaneously with this memorandum opinion.

**DONE** the 25th day of January, 2021.

**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE